Not for Publication                                                                                  (Docket Entry No. 75)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                        :
ANTHONY WILLIAMS,                       :
                                        :
                  Plaintiff,            :        Civil No. 05-5706 (RBK)
                                        :
          v.                            :        **OPINION**
                                        :
JOHN NASH et al.,                       :
                                        :
                  Defendants.           :
_____  :

**KUGLER, United States District Judge:**

This matter comes before the Court on the motion of Defendants Ms. DeCardi, Tushar Patel, Vincent Elias, Steve Esposito, Samir Sulayman, Derek Hamel, David Schaaff, and Glen Lawhorn (collectively, "Defendants") for reconsideration of this Court's Opinion and Order of June 2, 2008 granting in part and denying in part Defendants' motion for summary judgment on the Complaint of Plaintiff Anthony Williams ("Plaintiff").  Defendants have three requests of the Court: 1. to indicate that the motion for summary judgment was not submitted on behalf of Defendant De Cardi in her individual capacity and defense counsel does not represent Defendant De Cardi in her individual capacity; 2. to reconsider the denial of summary judgment to Defendant Hamel relating to his decision to place Plaintiff in "refused" status with regard to the Financial Responsibility Program; and 3. to reconsider the denial of summary judgment on Plaintiff's retaliation claim against Defendant Lawhorn related to his alleged denial of Plaintiff's

1

lost-time wages. For the reasons that follow, Defendants' first and second requests are granted, and Defendants' third request is denied.

**I.      BACKGROUND**

The Court set forth the facts of this case in the Opinion of June 2, 2008 and will not repeat them here, save where it is necessary to explain the Court's disposition of the issues in the pending motion.

**II.     STANDARD OF REVIEW**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). See id. In the District of New Jersey, Local Civil Rule 7.1(i) (formerly 7.1(g)) governs motions for reconsideration. See Byrne v. Calastro, Civ. A. No. 05-CV-68 , 2006 WL 2506722, at * 1 (D.N.J. Aug. 28, 2006).

Local Civil Rule 7.1(i) permits a court to reconsider a prior decision upon a showing that the court overlooked dispositive factual matters. See Bryan v. Shah, 351 F. Supp. 2d 295, 297 (D.N.J. 2005). Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rendering its decision. See Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd 37 F.3d 1485 (3d Cir. 1994). A court may grant a motion under Rule 7.1(i) only if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F.

Supp. 1216, 1220 (D.N.J. 1993).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. See Resorts Int'l v. Greate Bay Hotel & Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See id. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989).

Reconsideration is "an extraordinary remedy," and a court should grant it "very sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). "[M]ere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument." Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003).

### III.  ANALYSIS

#### A.  Defendant De Cardi

Defendants' request regarding Defendant De Cardi is more accurately characterized as a request for clarification than for reconsideration; Defendants do not ask the Court to reevaluate the prior decision but rather to merely recognize that Defendant De Cardi has not yet been served in her individual capacity.

The Court notes that Magistrate Judge Ann Marie Donio has repeatedly ordered the United States Marshal to obtain an address for service of process on Defendant De Cardi and to serve Defendant De Cardi in her individual capacity. (See Docket Entry No. 27, 40, 67.) Assistant United States Attorney John Ruymann, counsel for Defendants, has represented to Judge Donio that he is in possession of an address for Defendant De Cardi, and Judge Donio has ordered the United States Marshal to contact AUSA Ruymann to obtain this address. (Docket Entry No. 67.) The docket does not reflect whether this ever occurred; a summons was re-issued for Defendant De Cardi (Docket Entry No. 68), but it is not clear whether any communication regarding her address took place, and no summons showing an address for Defendant De Cardi appears on the docket. The docket does reflect that the summons was returned unexecuted because there was "no response from Plaintiff" (Docket Entry No. 78), but there is no indication that AUSA Ruymann ever provided Defendant De Cardi's address so that the summons could be completed.

In response to Defendants' motion, this Court does clarify the prior ruling to note that Defendant De Cardi has not yet been served in her individual capacity, and the motion for summary judgment was not submitted on her behalf. The Court additionally advises AUSA Ruymann and the United States Marshals to comply with the orders of Judge Donio to "obtain an address for the service of the summons, complaint, and amended complaint" upon Defendant De Cardi in her individual capacity and to "make reasonably diligent efforts" to effect service.

**B.     Retaliation Regarding the Financial Responsibility Program**

The Court previously denied summary judgment to Defendant Hamel relating to his decision to place Plaintiff in "refused" status with regard to the Financial Responsibility Program

("FRP"), a decision which Plaintiff claims was retaliation. To prove a claim of retaliation, a prisoner must demonstrate (1) constitutionally protected conduct, (2) an adverse action by prison officials 'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,' and (3) 'a causal link between the exercise of his constitutional rights and the adverse action taken against him.'" Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Rauser v. Horn, 241 F.3d 330, 333 (3rd Cir. 2001)). If a plaintiff satisfies these factors, "the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334.

Defendants argue that the Court overlooked the fact that Plaintiff's payments under the FRP were to be withdrawn from his prisoner account on the 10th of each month, and on March 10th, 2005, Plaintiff did not have the requisite amount in his account. The prior Opinion instead focused on the undisputed fact that Plaintiff had sufficient funds in his account on March 21, 2005, when he was placed into "refuse" status; Defendants argue that "[t]he fact that additional money came into plaintiff's account after March 10, 2005 was inconsequential to plaintiff's failure to make the March 10, 2005 payment." (Defs.' Br. at 5.)

The Court agrees with Defendants that it overlooked the dispositive nature of the fact that there were insufficient funds in Plaintiff's account on the day the payment was to be withdrawn and unduly emphasized the fact that additional funds were supplied after that date. It is undisputed that Plaintiff did not have sufficient funds on March 10, 2005. Consequently, the Court accepts Defendants' contention that a legitimate penological interest supported placing Plaintiff into "refuse" status, because every inmate without sufficient funds in his account would

5

be placed in "refuse" status and would lose a prison industries job. The Court grants Defendants' motion for reconsideration and grants Defendant Hamel summary judgment on this particular retaliation claim.

      **C.**     **Defendant Lawhorn and Denial of Lost-Time Wages**

In the prior Opinion, the Court specifically did not rule on Plaintiff's claim that Defendant Lawhorn denied him lost-time wages during the period of time he was prevented from working because of his thumb injury. (Compl. ¶ 75-79.) The Court noted that "Defendants do not address this claim in their brief, and consequently the Court does not reach any conclusions with regard to this issue." Defendants now contend that they did provide a factual basis for summary judgment on this claim, and they also argue that their "argument concerning plaintiff's retaliation claims applied to all of plaintiff's retaliation claims. . . whether or not the claim was specifically identified in the argument." (Defs.' Br. at 6.)

The Court has reviewed Defendants' submissions and continues to conclude that Defendants' memorandum of law in support of the motion for summary judgment included no reference to Plaintiff's claims regarding his lost-time wages. Though Defendants did include argument on Plaintiff's retaliation claims in general, Defendant Lawhorn is not mentioned in that section, which specifically references all of Plaintiff's other retaliation claims:

> Plaintiff's grievance activity had nothing to do with defendant Hamel's decision to place plaintiff in FRP refuse status, any action or inaction of defendants Schaaff and Ferretti at the Unit Team meeting on April 15, 2005, any defendants' action taken by any defendant relating to plaintiff's administrative remedies, plaintiff being sent, initially, to the wrong hospital for his surgical procedure on his left thumb, defendant Hamel's decision to issue plaintiff an incident report on December 8, 2005, and any action by defendants Williams, Sanford, Robinson and Lewis relating to that incident report, the investigation of same or the related UDC proceeding.

(Defs.' Br. in Support of Mot. for Summ. J. at 13.)  The Court will not grant summary judgment to Defendants on a claim they did not even mention.  See Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) (stating motions for reconsideration "are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers").  Reconsideration is only available when facts or arguments are overlooked by the Court; it is not available when issues are overlooked by counsel.  Defendants' motion for reconsideration on this issue is denied.

### IV.    CONCLUSION

The Court clarifies the prior Opinion and Order to note that Defendant De Cardi has not yet been served in her individual capacity, and the motion for summary judgment submitted by Defendants was not submitted on her behalf.  The Court grants Defendants' motion for reconsideration regarding Plaintiff's claims based on his failure to participate in the Financial Responsibility Program, and Defendant Hamel is granted summary judgment on this claim.  Defendants' motion for reconsideration regarding the prior Opinion's treatment of Plaintiff's claims of retaliation with regard to his lost time wages is denied.  The Court continues to express no opinion on that particular claim.  An accompanying order will issue today.


Dated:    8-5-08                                                  /s/ Robert B. Kugler
                                                                         ROBERT B. KUGLER
                                                                         United States District Judge